# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-168V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| PATRICK HOCK, * | | |
| * | | |
| Petitioner, * | | Filed: August 12, 2019 |
| * | | |
| v. * | | Interim Attorney's Fees and Costs; |
| * | | Expert Costs; Expert Flat Rates. |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amy Senerth*, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.

*Dhairya Jani*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### **DECISION GRANTING INTERIM AWARD OF FEES AND COSTS**[1]

On February 3, 2017, Patrick Hock filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he developed polyarthritis and cellulitis injuries as a result of receiving the influenza vaccine on October 20, 2015. Petition at 1 (ECF No. 1) ("Pet."). The matter is soon to be set for a hearing to be held in 2020.

Petitioner has now requested an interim award for attorney's fees and costs in the total amount of $44,744.90 (representing $26,482.40 in attorney's fees, plus $18,262.50 in costs). *See generally* Application for Interim Fees and Costs, filed Jan. 4, 2019 (ECF No. 31) ("Interim Fees App.").

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent reacted to the fees motion on January 29, 2019, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. Response to Petitioner's Motion for Interim Attorney's Fees and Costs at 2 (ECF No. 32). Respondent otherwise represents that in his estimate, the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if I find that an interim award is appropriate, I calculate a reasonable award. *Id*. at 2–3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's motion, awarding at this time interim fees and costs in the total amount of **$27,424.90**.

**Procedural History and Fees Request**

This action has been pending for over two and one-half years. Pet. at 1. As the billing invoices submitted in support of the fees application reveal, the attorneys at Muller Brazil began working on this matter in January 2016, more than a year before this case was filed in February 2017. After the filing of the Petitioner, the case thereafter proceeded with Petitioner filing her medical records and final statement of completion by July 12, 2017 (ECF No. 15), and Respondent filing the Rule 4(c) Report on September 12, 2017 (ECF No. 16).

After some delay, Petitioner filed an expert report from Dr. Paul Utz on April 2, 2018 (ECF No. 26). Respondent thereafter filed an expert report from Dr. Chester Oddis on September 28, 2018 (ECF No. 29). This prompted Petitioner to file a supplemental report from Dr. Utz on December 14, 2018 (ECF No. 30), and Respondent in turn filed a responsive report from Dr. Oddis, as well as a new report from Dr. Noel Rose (ECF No. 37). As noted, the parties are presently attempting to select a date for hearing in 2020.

The relevant billing records submitted with the Interim Award Application indicate that the work performed in this case has been divided between two Muller Brazil attorneys—Mr. Max Muller and Ms. Amy Senerth—along with two firm paralegals. Interim Fees App. at 1–2. The application requests total compensation for Muller Brazil, LLP in the amount of $44,744.90, including fees in the amount of $26,482.40, for work performed from January 2016 to the end of 2018, at the following hourly rates: $275 per hour for Mr. Muller in 2016 (with increases to $300 per hour in 2017 and $317 per hour in 2018), and $225 per hour for Ms. Senerth in 2017 (with an increase to $233 per hour in 2018). *Id.* Paralegal fees were billed at the rates of $125 and 150 per hour. *Id.* at 2.

Petitioner also seeks to recover $18,262.50 in costs, representing expenses for medical records collection, the filing fee, and $14,820 in expert costs for Dr. Utz (at a rate of $650 per hour) as well as an additional consulting expert who does not appear to have submitted a report, Dr. Eric Gershwin (who charged $2,500 for an unspecified amount of work billed at an unspecified rate). Ex. B to Interim Fees App. at 17–26.

# ANALYSIS

## I.   Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applied when determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on an underlying Vaccine Program claim is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. The criteria that I have found to be important in determining whether an interim fees request should be permitted are set forth in this case's initial order, and they are largely met here. *See, e.g.*, *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017); *see also* Initial Order at 4, dated Feb. 6, 2017 (ECF No. 6). The facts relevant to this matter meet these criteria: the case has been pending for over two and one-half years, the total amount of fees requested come close to the minimum threshold that I find to be appropriate (especially when costs are taken into account), and it is likely Petitioner will continue to incur additional fees and expert costs as this case proceeds.

## II.   Amounts Requested for Petitioner's Attorneys

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry

1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

The attorneys from Muller Brazil have repeatedly been found to be "in forum" and therefore entitled to the forum rates established in *McCulloch. See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This determination is also consistent with my own decisions (as well as the hourly rate chart set forth by the Office of Special Masters[4]). *See, e.g.*, *Grose v. Sec'y of Health & Human Servs.*, No. 16-1248V, 2018 WL 6381907 (Fed. Cl. Spec. Mstr. Nov. 5, 2018); *Winterfeld v. Sec'y of Health & Human Servs.*, No. 15-933V, 2018 WL 2225178 (Fed. Cl. Spec. Mstr. Mar. 9, 2018); *Colagreco v. Sec'y of Health & Human Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g.*, *Warkoczewski v. Sec'y of Health & Human Servs.*, No. 17-284V, 2018 WL 7286514 (Fed. Cl. Spec. Mstr. Dec. 17, 2018). Accordingly, no adjustments to the requested rates are required.

In addition, the hours expended on this matter appear to be reasonable for a case that has lasted over two and one-half years (with an entitlement hearing still to come). This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full, in the amount of **$26,482.40**.

## III.  Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case, for example. *Fester*, 2013 WL 5367670, at *16.

As noted above, Petitioner requests $18,262.50 in costs associated with the above-captioned matter. The bulk of this amount reflects the cost of an expert review by Dr. Utz. *See*

---

involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434–37 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.gov/node/2914 (last accessed on August 12, 2019).

Ex. B to Interim Fees App. at 21. Petitioner also requests $2,500 for a review completed by Dr. Gershwin. *Id.* at 25. The remainder of the costs requested by counsel represent ordinary Vaccine Program litigation costs (including the filing fee and medical records requests). *Id.* at 17.

It is not my practice to award expert-related costs before hearing, barring exceptional circumstances. In my experience, the expert's value to the case is best determined after the expert has testified at hearing. *See, e.g.*, *Bell v. Sec'y of Health & Human Servs.*, No. 13-709, 2015 WL 10434882, at *3–4 (Fed. Cl. Spec. Mstr. Nov. 10, 2015) (deferring award for expert costs before hearing); *see also Knorr*, 2017 WL 2461375, at *4 (same). In addition, there are questions about the rates or work performed in this case that the present fees request does not address. In particular, Dr. Utz billed his time at a rate on the high end of what experts receive in the Program, but Petitioner has not made a showing as to why that rate is appropriate. In addition, the sum requested for Dr. Gershwin is not accompanied by a breakdown of his time spent working on this matter, nor his requested rate. Requests for flat rates for experts, without a breakdown of time or evidence of a reasonable hourly rate, have been routinely rejected in Vaccine Program cost awards. *See, e.g.*, *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (declining to award expert's requested "day rate" for hearing and travel days).

In light of the above, I will defer ruling on the $17,320.00 in expert-related costs requested. Immediately after the hearing (at which time I can better judge the value that Petitioner's expert added to the case's resolution), however, Petitioner may renew the present request for expert costs, supplementing it with statements or invoices reflecting any additional expert costs that have been incurred (as well as addressing my aforementioned concerns about the propriety of requested rates or work performed). Until then, I defer resolution of this aspect of Petitioner's interim fees award motion. *See, e.g.*, *Auch*, 2016 WL 3944701, at *16–17; *Roberts v. Sec'y of Health & Human Servs.*, No. 09-427V, 2013 WL 2284989 (Fed. Cl. Spec. Mstr. Apr. 30, 2013) (granting interim award of expert costs after conclusion of hearing but before issuance of entitlement decision).

Otherwise, the majority of costs expended on this matter by counsel (including requests pertaining to medical records, medical summaries, and the filing fee) appear to be reasonable, and Respondent did not identify any entries as objectionable. The above-noted non-expert costs will be awarded without reduction. I will therefore award the remaining $942.50 in costs requested herein.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I hereby **GRANT IN PART** Petitioner's motion. I therefore award a total of **$27,424.90** in interim fees and costs as a lump sum in the form

of a check jointly payable to Petitioner and Petitioner's counsel, Ms. Amy Senerth, representing attorney's fees in the amount of $26,482.40, plus costs in the amount of $942.50.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.