# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-168V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
PATRICK HOCK,                         *
                                      *        Chief Special Master Corcoran
               Petitioner,            *
                                      *
       v.                             *        Filed: April 8, 2021
                                      *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
               Respondent.            *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Amy Senerth*, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.

*Dhairya Jani*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 3, 2017, Patrick Hock filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he developed polyarthritis/rheumatoid arthritis ("RA") as a result of receiving the seasonal influenza ("flu") vaccine on October 20, 2015. Petition at 1 (ECF No. 1). A hearing in this matter was held on March 12, 2020. ECF No. 64. After consideration of the filings in this case, I denied entitlement on September 30, 2020. Decision, filed Sept. 30, 2020 (ECF No. 68). This determination was not

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

appealed.

Prior to the entitlement hearing, Petitioner filed an interim fees and costs application. Interim Fees and Costs Application, filed January 4, 2019 (ECF No. 31) ("Interim Fees App."). I granted Petitioner's motion, and issued an interim fees award of $44,744.90 (representing $26,482.40 in attorney's fees, plus $18,262.50 in costs). *Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2019 WL 4744768 (Fed. Cl. Spec. Mstr. Aug. 12, 2019).

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed in the case since December 2018. Motion, filed March 30, 2021 (ECF No. 70) ("Mot."). Petitioner requests a final award of $75,922.36—$30,852.10 in attorney's and paralegal's fees, plus $45,070.26 in costs—for the work of Ms. Amy Senerth, Esq., and Mr. Max Muller, Esq., in addition to the supportive work of two paralegals. Mot. at 1-2. The costs requested include expenses associated with travel and expert fees. *Id.* Respondent reacted to the fees request on March 30, 2021. *See* Response, dated March 30, 2021(ECF No. 74). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion in calculating the amount to be awarded. *Id.* at 2–3.

For the reasons below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$69,622.36.**

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g., Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

In short, a claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a

reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for evaluating reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, since cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Petitioner's claim in this case had sufficient objective basis to entitle him to a fees and costs award, even though he did not receive a favorable entitlement determination. Petitioner's good faith arguments were backed by many solid items of proof, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. Petitioner was also able to offer credible and scientifically-reliable treater and expert opinions in support of his claim, though neither were ultimately sufficient to find in Petitioner's favor. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See*

*McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|
| **Mr. Max Muller (Attorney)** | - | $325 | - | - |
| **Ms. Amy Senerth (Attorney)** | $233 | $250 | $275 | $300 |
| **Mr. Erik Pavlacsek (Paralegal)** | - | - | $125 | - |
| **Ms. Tereza Pavlacsek (Paralegal)** | $140 | $140 | $140 | - |

The attorneys from Muller Brazil (who practice in Philadelphia, Pennsylvania) have repeatedly been found to be "in forum," and are therefore entitled to the rates established in *McCulloch*. The rates requested for Mr. Muller and Ms. Senerth (as well as the paralegal work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule.[3] *See Hlad v. Sec'y of Health & Hum. Servs.*, No. 17-1818V, 2020 WL 3620224, at \*2 (Fed. Cl. Spec. Mstr. June 22, 2020); *Hock*, 2019 WL 4744768, at \*3. I find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

## III.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at \*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health*

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Dec. 9, 2020).

4

*& Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

As noted above, Petitioner seeks $45,070.26 in costs. *See* Exhibit B to Fees App. at 14. The bulk of this amount reflects expenses associated with his testifying expert, Dr. Paul Utz. *Id.* at 16-18. Petitioner also requests $2,500.00 for a review of the claim previously completed by Dr. Eric Gershwin in 2017. *See* Exhibit 12, dated April 7, 2021 (ECF No. 75-1) (five hours at a rate of $500 per hour, totaling $2,500.00). The invoice submitted in connection with Dr. Gershwin's work indicates that he was paid a retainer that was sufficient to compensate him in full for his time. The remainder of the costs represent travel expenses associated with the hearing and transcript costs. *See* Exhibit B to Fees App. at 14.

Although Dr. Gershwin did not ultimately offer an opinion in this case, it was reasonable for Petitioner to seek his input—and the fact that he declined to support the case does not diminish the value of his input or the claim's ultimate reasonable basis, since Petitioner subsequently identified an expert who provided a scientifically/medically reliable opinion. In addition, the rate requested for Dr. Gershwin's time is consistent with what he has received for his work in other cases. I will therefore approve reimbursement to Petitioner of this retainer expense.

Some adjustment is necessary with respect to the requested expert costs associated with Dr. Utz, however. Petitioner requests that Dr. Utz be compensated at a rate of $650 per hour for 63 hours of work, totaling $40,950.00. Exhibit B to Fees App. at 16-18. This rate is not only high for what experts usually receive in the Program, but exceeds what Dr. Utz has received in other recent cases. *See*, e.g., *Sartain v. Sec'y of Health & Hum. Servs.,* No. 16-41V, 2020 WL 1893478 (Fed. Cl. Spec. Mstr. Mar. 4, 2020) (Dr. Utz awarded a rate of $500/hour); *Parker v. Sec'y of Health & Hum. Servs.,* No. 14-979V, 2020 WL 1304182, at *4 (Fed. Cl. Spec. Mstr. Feb. 7, 2020) (same). Petitioner has otherwise not made a showing as to why the requested rate is appropriate in this case.

It is unquestionably the case that the rates paid to qualified and competent Program experts like Dr. Utz should not be static figures, never subject to adjustment, but should be permitted to increase—both to account for inflation as well as market realities of what experts are receiving in other courts. I am therefore amenable in any case to entertaining requests to raise an expert's rate above what he or she has received in prior Vaccine Act fees determinations. But such requests must substantiate the basis for the increase, and the rate change should not proportionately exceed what the expert has received in the past.

Taking all of the above into account, I shall award an hourly rate of $550 per hour for all hours of work performed by Dr. Utz on this matter. This adjustment results in a total reduction of **$6,300.00** for this cost element.

**CONCLUSION**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of **$69,622.36** reflecting $30,852.10 in attorney's fees and $38,770.26 in costs, in the form of a check made jointly payable to Petitioner and his attorney Ms. Amy Senerth.

|  | Requested | Awarded | Difference |
|---|---|---|---|
| **Attorney Fees** | $30,852.10 | $30,852.10 | $0.00 |
| **Attorney Costs** | $45,070.26 | $38,770.26 | $6,300.00 |
| **Total** | $75,922.36 | $69,622.36 | $6,300.00 |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.